Benjamin Donel, Esq. (SBN: 226226)
LAW OFFICES OF BENJAMIN DONEL & ASSOCIATES, APC
6125 Washington Blvd, Suite 300
Culver City, CA 90232
Telephone: (310) 864-7600
Facsimile: (310) 626-9752

Attorney for Defendant
Easy Financial, LLC and Stone Sharp

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| BRENDA WHITTAKER, an individual, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>EASY FINANCIAL, LLC d/b/a Sunset Equity, a California limited liability company, and STONE SHARP, an individual.<br><br>Defendants. | Case No.: 3:21-cv-08212-DJH<br><br>**DECLARATION OF SASH SEPEHRAN IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**<br><br>**ORAL ARGUMENT REQUESTED** |

### DECLARATION OF SASH SEPEHRAN

1. I, Sash Sepehran, is the Managing Director of Lending for Easy Financial, LLC, a party to this action, and am authorized to make this Declaration for and on its behalf, and I make this declaration for that reason. I have personal knowledge of the facts stated herein and, if called as a witness, I could and would testify competently thereto, except as to those matters stated upon information and belief and, as to those matters, I believe them to be true.

2. Easy Financial does business as Sunset Equity Funding aka Sunset Equity

Group.

3. Easy Financial is an originator of real estate loans.

4. Easy Financial does not have any offices in the State of Arizona.

5. Easy Financial is not licensed for real estate in Arizona.

6. Sunset Equity is not licensed for real estate in Arizona.

7. Easy Financial established a business relationship when the Plaintiff submitted her name and phone number into a marketing website requesting a salesperson to call her.

8. Plaintiff placed her name and telephone number with Connected Investors Exchange ("CIX") (https://cix.connectedinvestors.com) on or about September 25, 2018 requesting information about obtaining a loan.

9. Prior to submitting he name to CIX, Plaintiff agreed to a disclaimer that states, "expressly consent to having private money lenders and our network partners contact you about your inquiry by email, text message or phone... even if that telephone number is on a corporate, state, or national Do Not Call Registry."

10. When Plaintiff requested loan information, Plaintiff gave her name, address, phone number, and email to CIX.

11. Plaintiff stated she desired a loan of $150,000.00 with 10% down payment for the purchase of a residential property.

12. CIX lists all of its marketing partners and affiliates on its website as companies that potentially could contact Plaintiff by telephone, text, or email.

13. Easy Financial is a network partner of CIX.

14. Easy Financial obtains telephone numbers only from its marketing partners and affiliates, like CIX.

15. Any telephone number Easy Financial uses, or has used, for marketing purposes has expressly waived the Do Not Call restriction.

16. Periodically, Defendants would desire to send a text messages advertising loan products.

17. The cellular telephones numbers selected for any particular advertising campaign are from Easy Financial's database of established contacts, persons who have expressed desire to receive advertising texts.

18. Plaintiff's cellular telephone number was in Easy Financial's database as a contact that requested loan information.

19. Mr. Sharp's contact number was clearly and prominently displayed in the text messages.

20. Easy Financial respects whenever a recipient of a text message replies with STOP. That contact is never used again,

21. Plaintiff failed to respond with STOP after the first message.

22. Plaintiff had means and opportunity to respond STOP to opt out of any further contact.

23. Mr. Sharp is an employee of Easy Financial as a licensed loan officer working in the Culver City office.

24. His duties include, but not limited to, soliciting investors who have expressed interest in obtaining commercial real estate loans.

25. Mr. Sharp does not have authority to enter into contracts.

26. On or about October 28, 2021, I had a telephone conversation with Plaintiff's attorney who demanded monetary payment of "six figures" to settle this matter. This demand is excessive in light of the alleged damages, two text messages, and bordering on extortion.

27. Plaintiff's attorney, as conditions of settlement, is demanding Defendants force a third-party (CIX) to "change its website's consent language to clarify that individuals are also consenting to be called or texted by Easy Financial for a period of at least twenty-four (24) months."

28. Plaintiff's attorney wrote, "We need to confirm that prospective relief will be included in the agreement prior to discussing the monetary aspect. Additionally, for

us to formulate a monetary demand we need to have a sense of the size of the potential class."

I declare under penalty of perjury, under the laws of the State of California, the foregoing is true and correct.  Dated this 15th day of November 2021.

*Sash Sepehran*
Sash Sepehran