1  Benjamin Donel, Esq. (SBN: 226226)
   LAW OFFICES OF BENJAMIN DONEL & ASSOCIATES, APC
2  6125 Washington Blvd, Suite 300
3  Culver City, CA 90232
   Telephone: (310) 864-7600
4  Facsimile: (310) 626-9752

5  Attorney for Plaintiff
6  Easy Financial, LLC and Stone Sharp

7

8                    **UNITED STATES DISTRICT COURT**

9                        **DISTRICT OF ARIZONA**

10

11  BRENDA WHITTAKER, an individual,    ) Case No.: 3:21-cv-08212-DJH
    individually and on behalf of all others )
12  similarly situated,                  )
                                         )
13             Plaintiff,                )
                                         ) **EASY FINANCIAL, LLC AND STONE**
14  vs.                                  ) **SHARP'S CROSS-CLAIM**
                                         )
15  EASY FINANCIAL, LLC d/b/a Sunset     )
    Equity, a California limited liability )
16  company, and STONE SHARP, an         )
    individual.                          )
17                                       )
              Defendants.                )
18  EASY FINANCIAL, LLC, a California    )
19  Limited Liability Company, and STONE )
    SHARP, an individual.                )
20                                       )
              Cross-Claimant,            )
21                                       )
22  vs.                                  )
                                         )
23  CONNECTED INVESTORS, LLC, a          )
24  Delaware Limited Liability Company, aka )
    CIX; and ROES 1-25, Inclusive.       )
25                                       )
              Cross-Defendants.          )
26

27      For their Third-Party Cross-Claim against Third-Party Defendant CONNECTED

28  INVESTORS, LLC aka CIX ("CIX"), and ROES 1-10 allege as follows:

                                    **1**

**UNDERLYING MATTER**

1.       Cross-Claimants EASY FINANCIAL, LLC ("Easy Financial") and STONE SHARP ("Mr. Sharp") (collectively "Cross-Claimants") seeks a judicial determination as to whether Cross-Defendant CONNECTED INVESTORS, LLC ("CIX" or "Cross-Defendant") is obligated to indemnify them in the event a judgment is rendered against Cross-Claimants on a Complaint brought by BRENDA WHITTAKER ("Whittaker" or "Plaintiff"), in her First Amended Complaint ("FAC") in the matter entitled *Brenda Whittaker v. Easy Financial, LLC, et al*., case 3:21-cv-08212-DJH, seeking a class action.

2.       This counter-claim is compulsory pursuant to Fed Rules Civ Proc., Rule 13(a) as it arises out of the occurrences that form the basis of this matter.

**PARTIES**

3.       Plaintiff Whittaker, on information and belief, is an individual who resides in Cottonwood, Yavapai County, Arizona.

4.       Defendant and Cross-Claimant Easy Financial, LLC is a Nevada Limited-Liability Company whose principal office is located in Culver City, County of Los Angeles, State of California.

5.       Defendant and Cross-Claimant Stone Sharp is a licensed real estate agent employed by Easy Financial.  Stone Sharp is a resident of the City of Los Angeles, County of Los Angeles, State of California.

6.       Cross-Defendant Connected Investors, LLC, on information and belief is a Delaware Limited-Liability Company whose principal office is located in Wilmington, New Hanover County, State of North Carolina.

**JURISDICTION**

7.       This Court has supplemental jurisdiction over this Cross-Complaint pursuant to 28 USC §1367(a).

**TIMELY FILED**

8.       This counter-claim is timely under Fed Rules Civ Proc., Rule 15(a)(1)(B), it being filed withing 21 days after the service of a responsive pleading.

## STATEMENT OF FACTS

9.      Cross-Claimant Easy Financial entered into a contract with Cross-Defendant CIX wherein CIX would provide contact information and sales leads to Cross-Claimant.

10.     CIX would provide to Easy Financial contact information and sales leads who expressed interest in being contacted for real estate investment loans.

11.     CIX states on its website it is "Designed specifically to help real estate investors connect, share resources and most importantly transact."

12.     CIX provides names, email addresses, and telephone numbers for telemarketing purposes for clients, including Easy Financial.

13.     By providing this information to clients, CIX has expressly and impliedly stated the names, email addresses, and telephone numbers have expressly waived the DNC restrictions.

14.     Upon assurances and promises made by CIX, CIX would guarantee these sales leads have waived the "Do Not Call" ("DNC") list.  The DNC prohibits telephone communications with consumers who do not want to be contacted for sales calls or telemarketing.

15.     On or around May 2021, while in the course and scope of his employment, Mr. Sharp allegedly sent two text to Plaintiff.

16.     Plaintiff filed this class action complaint alleging violation of the DNC list in alleged violation of 47 U.S.C. § 227.

## FIRST CAUSE OF ACTION

### Declaratory Relief

17.     The Plaintiff repeats, realleges and incorporates by reference the allegations of the foregoing paragraphs and exhibits attached thereof as though fully set forth herein and stated above in this Complaint.

18.     An actual controversy exists between the parties to this action as to their respective rights and duties owed to Plaintiffs, and the apportionment of fault and liability

1   owed to Plaintiff, if any, and therefore Cross-Claimant seeks a declaration of its rights to

2   indemnification, contribution and/or apportionment, and adjudicating and declaring all

3   other rights and duties of the Cross-Claimant and the Cross-Defendant herein.

4         19.    This Court has the authority to issue a declaratory relief judgment

5   concerning their respective rights and duties.

6         20.    If any recovery is had against Cross-Claimant, Cross-Claimant is entitled to

7   an Order of Declaratory Relief, indicating its right to recover from Cross-Defendant,

8   together with its reasonable attorney's fees and costs incurred herein, pursuant to any

9   statute or rule or contractual provision allowing for the same and any special damages

10   incurred herein.

11   **<u>SECOND CAUSE OF ACTION</u>**

12   **Equitable Indemnity and Contribution**

13         21.    The Plaintiff repeats, realleges and incorporates by reference the allegations

14   of the foregoing paragraphs and exhibits attached thereof as though fully set forth herein

15   and stated above in this Complaint.

16         22.    Cross-Claimants have incurred and will continue to incur costs in defending

17   this matter including, but not limited to, attorney's fees, court costs, and other expenses.

18         23.    Cross-Claimants are entitled to equitable contribution from Cross-

19   Defendants for sums incurred in connection with the defense expenditures paid by Cross-

20   Claimants for the defense of this action, plus interest.

21         24.    Cross-Defendant is responsible to indemnify, pay and hold Cross-Claimant

22   harmless from and reimburse Cross-Claimant for all such losses incurred herein.

23   Furthermore, should Plaintiffs establish liability on the part of Cross-Claimants, which

24   liability is expressly denied, or in the event that it shall become necessary for Cross-

25   Claimants to settle with Plaintiff to avoid the risks of greater liability being found upon

26   adjudication of this litigation.

27

28

25.     Cross-Defendant provides contact information for their customers' use to contact prospective clients.  As such, Cross-Defendant has an implied duty to assure and guarantee Cross-Defendant's users have waived DNC restrictions.

26.     In this matter, Plaintiff alleges she did not consent to being contacted by Defendants and Cross-Claimants.  Based on assurances and promises made by Cross-Defendant, Defendants and Cross-Claimants contacted Plaintiff, causing Plaintiff to file this matter.

27.     If it is found that Cross-Claimant is responsible for any of the allegations contained in Plaintiffs' FAC, as a matter of its equitable rights, then Cross-Claimant is entitled to have Cross-Defendant and ROES 1 through 25 fully or partially indemnify and exonerate Cross-Claimant for any and all liability, judgments, settlement expenses, or other losses incurred in defending and/or resolving said claims pending against Cross-Claimant and this Cross-Claim brought to enforce such obligations.

28.     If it is found that Cross-Claimant is responsible for any of the allegations contained in Plaintiffs' FAC, then Cross-Claimant is entitled to a declaration regarding its apportionment of fault in relation to that of Cross-Defendant.

29.     As a proximate result of the foregoing, Cross-Claimant has sustained and will sustain losses and expenses, including, but not limited to, attorney's fees, court costs, consultant's fees and other expenses and will continue to sustain losses and expenses through the time of trial and any appeal in this matter, and may incur losses required of it to pay any judgment against it obtained by the Plaintiffs or any settlement it becomes necessary for Cross-Claimant to pay to Plaintiffs.

WHEREFORE, Cross-Claimants prays for relief on its Cross-Claim as follows:

1. For a judgment of this Court in favor of Cross-Claimants in an amount sufficient to allow Cross-Claimants to be fully indemnified and held harmless by Cross- Defendant from and against any losses suffered by Cross-Claimants arising out of this litigation, including reasonable attorney's fees and costs and other expenses incurred herein, or by virtue of any judgment or order or

liability rendered against it herein in favor of Plaintiffs or any other party, or by virtue of settlement expenses incurred by it in connection with the present case filed by Plaintiffs;

2. For an Order and Judgment of this Court recognizing that Cross-Claimants is entitled to express contractual indemnity and implied contractual indemnity and equitable indemnity from Cross-Defendants;

3. For such Orders of Declaratory Relief as have been requested herein;

4. For general damages, special damages, consequential damages, incidental damages and prejudgment interest, and recognizing an ongoing right to post-judgment interest until paid in full;

5. For defense and indemnity in the present action;

6. For such other relief as the Court may deem just and proper.

LAW OFFICES OF BENJAMIN DONEL & ASSOCIATES

Date:   December 3, 2021

Benjamin Donel
Attorney for Defendant
Easy Financial, LLC and Stone Sharp

6