Penny L. Koepke
pkoepke@hoalow.biz
**MAXWELL & MORGAN, P.C.**
4854 E. Baseline Road, Suite 104
Mesa, Arizona 85206
Tel: (480) 833-1001

[Additional counsel appearing on signature page]

*Attorneys for Plaintiff and the Class*

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Brenda Whittaker, an individual, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>Easy Financial, LLC d/b/a Sunset Equity, a California limited liability company, and Stone Sharp, an individual,<br><br>*Defendants*. | Case No. 3:21-cv-08212-DJH<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(1), 12(B)(2), AND 12(B)(6)**<br><br>FAC Filed: October 6, 2021 |

**I.   INTRODUCTION**

This case challenges Defendants Easy Financial, LLC's d/b/a Sunset Equity ("Sunset") and Stone Sharp's ("Sharp" and collectively with Sunset, "Defendants") practice of placing unsolicited, telemarketing text messages to telephone numbers registered on the national Do Not Call Registry—all in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA" or "Act"). Rather than answer for its actions, Defendants seek an early exit from the case by claiming that this Court lacks jurisdiction, and that Plaintiff Brenda Whittaker ("Plaintiff" or "Whittaker") has failed to state a claim for relief and lacks standing to sue. Each of these arguments unravels.

1

First, Defendants claim that this Court lacks jurisdiction over the claims asserted because they do not have ongoing contacts in the State of Arizona. This is irrelevant. Rather, Defendants directed text messages into the forum to solicit Whittaker, an Arizona resident. This is sufficient to confer specific jurisdiction over the claims asserted against Defendants.

Second, relying solely on facts outside of the pleadings, Defendants claim that Plaintiff fails to state a claim for a violation of the TCPA because, supposedly, the TCPA permits unsolicited texts where there is an established business relationship ("EBR") or notice of an opportunity to opt-out of future advertisements. Defendants further contend that Plaintiff consented to the texts. This is all wrong. Defendants' arguments rely on portions of the Act that relate to unsolicited *faxes*, which are completely inapplicable in this action. In reality, Defendants do not have an EBR with Plaintiff, and she has not provided any consent to receive texts from Defendants.

Third, Defendants argue that Plaintiff lacks standing because she failed to allege an actual injury. To push this claim, Defendants ignore clear and controlling authority, which states that a plaintiff that alleges a violation the TCPA has alleged a concrete injury sufficient to confer standing. Here, Plaintiff alleges that Defendants send her multiple unsolicited text messages in violation of the TCPA. Nothing more is needed to confer standing.

Defendants' ancillary arguments fare no better. They claim Defendant Sharp should be dismissed because he is only an employee of Sunset and not an officer. This argument ignores the fact that the TCPA imposes liability on *any person* (regardless of title) that directly participated in the unlawful conduct. Because Sharp sent the unlawful text messages, he can be held personally liable for the damages.

Finally, Defendants request that the Court award them their attorneys' fees and costs pursuant to 28 U.S.C. § 1927 and 42 U.S.C. § 1988. Even if Defendants arguments were successful (they are not), neither of these statutes provide a basis for them to recover fees. Indeed, Section 1927 permits the recovery of fees in cases involving claims

relating to the enforcement of civil rights, which are not present in this case. Further, Section 1988 cannot be applied to initial pleadings. As such, Defendants' request for fees should be flatly rejected.

For these reasons and as set forth below, the Court should deny Defendants' motion in its entirety.

## II.     STATEMENT OF FACTS AND PROCEDURAL BACKGROUND

Defendant Sunset Equity is a direct money lender that specializes in real estate debt and private equity investments. (First Amended Complaint ("FAC") ¶ 6.) Defendant Sharp is employed as a senior loan officer with Sunset. (*Id.* ¶ 7.) To generate leads for their direct lending services, Defendants engage in telemarketing by sending thousands of unsolicited text messages to consumers whose telephone numbers are registered on the national Do Not Call registry (hereafter "DNC registry"). (*Id.* ¶ 8, 24.) Sunset boasts that it engages in lending "nationwide." (*See* Sunset's Website, pgs. 3-5, attached hereto as Ex. A.)

In Plaintiff Whittaker's case, she registered her cellular telephone number on the DNC registry on December 19, 2017. (*Id.* ¶ 15.) Nevertheless, Defendants sent her four text messages soliciting their products and services. (*Id.* ¶¶ 16-18.) Indeed, on May 4, 2021, Plaintiff received two unsolicited texts from Defendants. (*Id.* ¶ 16.) On May 7, 2021, Plaintiff received another two unsolicited text messages from Defendants. (*Id.* ¶ 17.) All of the texts solicited Plaintiff to purchases Sunset's direct lending services. (*Id.* ¶¶ 16-18.) Further, all of the text messages were sent by Defendant Sharp. (*Id.*) Critically, Plaintiff never provided any consent to receive the texts, nor did she have a prior relationship with Defendants. (*Id.* ¶¶ 19-20.)

Based on these facts and as set forth below, the Court should deny Defendants' motion to dismiss.

## III.    ARGUMENT

### A.     This Court Possesses Specific Jurisdiction Over Both Defendants.

Defendants start by claiming that this Court lacks specific jurisdiction over the

claims asserted.[1] (Def. Mot. at 8.) This is incorrect.

Once dismissal is sought under Rule 12(b)(2), "the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (citing *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir.1990)). When a 12(b)(2) motion is based on written material, as opposed to an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdictional facts." *Id.* "For a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Id.* at 801 (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). In making the determination, "uncontroverted allegations in the complaint must be taken as true" and "[f]actual disputes are resolved in the plaintiff's favor." *Fishman v. Subway Franchisee Advert. Fund Tr., Ltd.*, No. 219CV02444ODWASX, 2019 WL 6135030, at *2 (C.D. Cal. Nov. 19, 2019) (citations omitted).

In the Ninth Circuit, specific jurisdiction exists where: "(1) the defendant either 'purposefully direct[s]' its activities or 'purposefully avails' itself of the benefits afforded by the forum's laws; (2) the claim 'arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction [ ] comport[s] with fair play and substantial justice, i.e., it [is] reasonable.'" *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1023 (9th Cir. 2017) (quoting *Dole Food Co., Inc. v. Watts,* 303 F.3d 1104, 1111 (9th Cir. 2002)). Plaintiff only bears "the burden of satisfying the first two prongs of the test." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). Once Plaintiff has satisfied the first two prongs, "a rebuttable presumption arises that the exercise of jurisdiction is reasonable." *j2 Glob. Commc'ns, Inc. v. Blue Jay, Inc.*, No. C 08-4254 PJH, 2009 WL 29905, at *10 (N.D. Cal. Jan. 5, 2009) (citing

---

[1] Plaintiff does not dispute that this Court lacks general jurisdiction over the claims.

4

*Sinatra v. National Enquirer, Inc.*, 854 F.2d 1191, 1195 (9th Cir.1988)).

As explained next, the texts at issue were intentionally directed to Plaintiff in the State of Arizona and are sufficient to establish specific jurisdiction.

      **(a)**     **Defendants purposefully directed the text messages to Plaintiff for the purpose of engaging in business in the State of Arizona.**

Purposeful direction requires that the Defendants have: "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *PRN Med. Servs. LLC v. Neilson*, No. CV-14-01047-PHX-GMS, 2014 WL 7146714, at *2 (D. Ariz. Dec. 15, 2014) (citing *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002)). "Physical presence in the forum state is not required to confer jurisdiction." *Rinky Dink, Inc. v. Elec. Merch. Sys., Inc.*, No. C13-01347-JCC, 2014 WL 12103245, at *2 (W.D. Wash. Nov. 4, 2014).

Notably, courts repeatedly find that out-of-state defendants who direct their telemarketing activities to individuals in a forum state in violation of the TCPA have purposefully directed their actions at the forum state. *See Baker v. Caribbean Cruise Line, Inc.*, No. CV 13-8246-PCT-PGR, 2014 WL 880634, at *2 (D. Ariz. Mar. 6, 2014) ("The Court finds that complaint in this case is sufficient to establish specific jurisdiction, based on the allegation that Defendant made calls to Plaintiff's Arizona number and the fact that those calls are the basis for Plaintiff's claims."); *Fishman*, 2019 WL 6135030, at *5-6 (C.D. Cal. Nov. 19, 2019) (finding that sufficient contacts over Subway based a text message send by its agent T-Mobile.); *j2 Global Communications, Inc.*, 2009 WL 29905, at *10; *Hudak v. Berkley Group, Inc.*, No. 3:13–cv–00089–WWE, 2014 WL 354676, at *3 (D. Conn. January 23, 2014); *Heidorn v. BDD Marketing & Management Company, LLC,* Case No. C–13–00229 JCS, 2013 WL 6571629, 8 (N.D. Cal. August 19, 2013) (where "the defendant has directed its activities at the forum state by calling the plaintiff without the plaintiff's consent, the TCPA claim arises out of that conduct, and exercise of jurisdiction is not unreasonable").

Here, Defendants intentionally directed the text messages to Plaintiff in the State

of Arizona. That is, each of the texts solicited Plaintiff, an Arizona resident, to purchase a loan from Defendants. (FAC ¶¶ 16-18.) By soliciting Plaintiff to purchase a real estate loan, Defendants sought to establish an ongoing business relationship with Plaintiff in the forum. Additionally, the texts were directed to Plaintiff's cellular telephone number, which contains an Arizona area code. (*See* Declaration of Brenda Whittaker ("Whittaker Decl.") ¶ 3, attached hereto as Ex. B.) Taken together, the facts sufficiently establish that Defendants purposefully directed their telemarketing activities into the forum State and any harm associated with the texts would foreseeably be suffered in Arizona.

In short, Defendants intentionally targeted their telemarketing activities to the forum State. As such, the Court should find that the first prong is satisfied.

### (b) Plaintiff's claim arises out of Defendants' actions in the forum.

While not addressed in Defendants' motion, the second prong asks whether Plaintiff's claim is "one which arises out of or relates to the defendant's forum-related activities." *Winters v. Grand Caribbean Cruises Inc.*, No. CV-20-00168-PHX-DWL, 2021 WL 511217, at *3 (D. Ariz. Feb. 11, 2021) (citation omitted). This prong is met "if 'but for' the contacts between the defendant and the forum state, the cause of action would not have arisen." *Terracom v. Valley Nat. Bank*, 49 F.3d 555, 561 (9th Cir. 1995).

Here, Plaintiff's claims arise out of the four (4) unsolicited texts that she received from Defendants. Simply put, but for the texts sent by Defendants, Plaintiff would have suffered no injury. In the context of the TCPA, courts repeatedly find that this prong is satisfied where the forum contacts are the alleged TCPA violations that form the basis of the action. *See Fishman*, 2019 WL 6135030, at *6 ("Here, Subway's contact with the forum, the Text Message, is the basis of the alleged TCPA violation. Thus, the Court finds Fishman sufficiently meets her burden of establishing the first two prongs."); *j2 Glob. Commc'ns, Inc.*, 2009 WL 29905, at *10 ("But for Luxenberg's conduct in creating the fax advertisements and hiring third-party advertisers to broadcast them, j2 would not have been injured in California."); *Rinky Dink, Inc.*, 2014 WL 12103245, at *2 ("But for these calls, Plaintiffs would have suffered no injury."); *Sasin v. Enter. Fin. Grp., Inc.*, No.

6

CV 17-4022-CBM-RAO, 2017 WL 10574367 (C.D. Cal. Nov. 21, 2017) ("Plaintiff satisfies the second prong of the specific jurisdiction test because his TCPA claims arise from the alleged phone calls made by Enterprise.").

Because Plaintiff's claims arose from Defendants' actions directed to this District, the Court should find that the second prong is met.

### (c) Exercise over the claims is reasonable.

Once Plaintiff satisfies the first two prongs, a defendant must then "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable" in order to defeat personal jurisdiction." *Dole Food Co. v. Watts*, 303 F.3d 1104, 1114 (9th Cir. 2002) (citation omitted). In making this determination, courts balance the following factors: (1) the extent of the defendants' purposeful injection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *Id.* (citation removed). There is a presumption of reasonableness when a defendant solicits business in the forum state. *Komaiko v. Baker Techs., Inc.*, No. 19-CV-03795-DMR, 2020 WL 1915884, at *8 (N.D. Cal. Apr. 20, 2020) ("There is a presumption of reasonableness where the defendant takes actions to 'solicit and obtain business in California.'").

Similar to the second prong, Defendants have offered no basis to believe that the exercise of personal jurisdiction is unreasonable. As previously explained, the subject texts were directed to the forum state with the direct purpose of soliciting Plaintiff to purchase Defendants' products and services *in Arizona*. (FAC ¶¶ 16-18.) While Defendants will undoubtably have some burden in defending the case, that burden is minimal and cannot be said to be unexpected. Indeed, by soliciting an Arizona resident, it was reasonably foreseeable that Defendants would be required to answer for any harms caused to Plaintiff. And advances in technology and telecommunication significantly

reduce the burden of litigating in this forum. *See C.H. Robinson Co. v. Glob. Fresh, Inc.*, No. CV 08-2002-PHX-SRB, 2009 WL 10673422, at *9 (D. Ariz. Mar. 20, 2009) ("modern communication methods, electronic discovery and document production, and low-cost airfare between southern California and Arizona should minimize litigation costs.").

In short, this Court's exercise of jurisdiction is reasonable, and this prong also favors denying Defendants' motion. As such, the Court should deny Defendants' motion to dismiss for lack of jurisdiction.

### B. Plaintiff States A Claim For A Violation Of The TCPA.

Next, Defendants seek an early dismissal by claiming that Plaintiff failed to state a claim for relief. (Def. Mot. at 9-10.) This is so, according to Defendants, because supposedly the TCPA permits unsolicited telemarketing calls and texts and because Plaintiff apparently consented to the texts. (*Id.*) Defendants' arguments are specious, and its attempt to raise facts outside of the FAC is improper.

Indeed, in resolving a Rule 12(b)(6) motion, the court must "accept all factual allegations of the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Heath v. City of Desert Hot Springs*, 618 F. App'x 882, 884 (9th Cir. 2015) (citation omitted). "Dismissal under Rule 12(b)(6) is inappropriate unless [the plaintiff's] complaint fails to 'state a claim to relief that is plausible on its face.'" *Id.* (citation omitted). "[T]he court's analysis is limited to facts alleged in the pleadings, and all reasonable inferences must be construed in the light most favorable to the plaintiff." *Yeager v. Cingular Wireless LLC*, 627 F.Supp.2d 1170, 1176-77 (E.D. Cal. 2008). While Defendants' acknowledges this standard (def. mot. at 6), they then proceed to rely entirely on matters outside of the pleadings. This is improper and these allegations should be ignored.[2]

Instead, "[t]o state a claim under section 227(c)(5) of the TCPA, a plaintiff must

---

[2] Plaintiff does not dispute that matters outside the FAC may be raised in support of Defendants' Rule 12(b)(1) and Rule 12(b)(2) arguments.

8

allege (1) receipt of more than one telephone call within any 12–month period (2) by or on behalf of the same entity (3) in violation of the regulations promulgated by the FCC." *Wagner v. CLC Resorts & Devs., Inc.*, 32 F. Supp. 3d 1193, 1197 (M.D. Fla. 2014) (citing 47 U.S.C. § 227(c)(5)). The regulations state that "[n]o person or entity shall initiate any telephone solicitation to ...[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry." *Waterbury v. A1 Solar Power Inc.*, No. 15CV2374-MMA (WVG), 2016 WL 3166910, at *4 (S.D. Cal. June 7, 2016) (citing 47 CFR 64.1200(c)). The regulations apply to wireless telephone numbers. *Id.* (citing 47 CFR 64.1200(e)).

Here, Plaintiff alleges sufficient facts to state a claim for a violation of the TCPA's DNC regulations. That is, Plaintiff alleges that she registered her cellular telephone number on the DNC registry on December 19, 2017. (FAC ¶ 15.) Despite registering her number, Defendants placed four text messages to her cellular telephone within a 3-day period. (*Id.* ¶¶ 16-18.) Further, all of the text messages solicited Plaintiff to purchase Defendants direct lending services. (*Id.*) Nothing more is needed to state a claim under Section 227(c)(5).

Rather than refute any of these facts, Defendants raise a series of off-base *defenses* by relying on matters outside of the pleadings. First, Defendants cite a string of cases to erroneously claim that the TCPA permits unsolicited texts to consumers if there is either an "established business relationship" or if they provide "notice of the recipient's right to opt out of future advertising." (Def. Mot. at 9.) This argument is frankly so baseless and misleading that Defendants should be sanctioned for pushing this falsehood.[3] That is, to push this falsehood, Defendants cite to a footnote in *Yahoo! Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 913 F.3d 923, 925 n.1 (9th Cir. 2019), which, itself, cites to 47 U.S.C. § 227(b)(1)(C), (b)(2)(D)–(E)—both of these sections apply to unsolicited *fax*

---

[3] On December 15, 2021, Plaintiff served a Rule 11 safe-harbor letter on Defendants. Should Defendants refuse to withdraw this motion, Plaintiff will be filing the motion for sanctions.

9

*advertisements*, not unsolicited calls to DNC subscribers. In other words, Defendants rest their argument on a different, inapplicable portion of the statute. And this is not an arbitrary distinction. Critically, the TCPA defines an "established business relationship" differently for fax advertisements and calls to DNC subscribers. *Compare* 47 C.F.R. 64.1200(f)(6), *with* 47 C.F.R. 64.1200(f)(5). Particularly relevant here, an EBR relating to DNC subscribers must be established within 18-months prior to the date of the call. 47 C.F.R. 64.1200(f)(5). Hence, even if there was an EBR established between the parties (there is not), the defense is not applicable here. That is, Defendants claim they established an EBR with Whittaker on September 25, 2018 (def. mot. at 3), which is roughly 32-months prior to the texts at issue. There is also no safe harbor opt out provision that applies to calls to DNC subscribers. *See* 47 U.S.C. § 227(a)(4). As such, this argument should be swiftly rejected.

Second, Defendants claim that Plaintiff consented to the texts by visiting a third-party's website. (Def. Mot. at 10.) Even if its representations were accurate (they are not), consent is not a part of Plaintiff's prima facie case. *See Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1044 (9th Cir. 2017) ("Express consent is not an element of a plaintiff's prima facie case but is an affirmative defense for which the defendant bears the burden of proof."). Because Defendants possess the burden to demonstrate consent, this cannot possibly provide a basis to dismiss the FAC.

While Defendants' consent defense involves matters completely extraneous to the pleadings, it is also premised on irreconcilable facts. That is, Defendants claim that Plaintiff visited Connected Investors Exchange's ("CIX") website (a third-party's website) and entered her information on September 25, 2018. (Dkt. 12-2 ¶ 8.) Defendants further claim that Plaintiff agreed to be contacted by "private money lenders and our network partners". (*Id.* ¶ 9.) Defendants then assert that "Easy Financial is a network partner of CIX." (*Id.* ¶ 13.) But Defendants conveniently omit the fact that they joined CIX on August 3, 2021—nearly three years after Plaintiff supposedly visited the website. (CIX Sunset Partner Page, attached hereto as Ex. C.) Hence, even if Plaintiff visited the

website (a fact not conceded), Sunset would not be included as network partners at the time she supposedly consented. This dooms Defendants' consent defense even if Whittaker had visited the website Defendants claim.

Moreover, even if they were a "network partner" at the time Plaintiff supposedly consented, the consent was not specific to Sunset. The TCPA requires that for a seller to place a call to a number registered on the national DNC registry, a consumer must have provided "express" consent, which is "evidenced by a signed, written agreement between the consumer and seller". 47 C.F.R. 64.1200(c)(2)(ii). Here, Defendants claimed consent language fails to define the term "network partner" in any way. In the absence of clear evidence that a consumer is consenting to be called by a specific party, the consent cannot be said to be "express." *See Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 955 (9th Cir. 2009) (finding consent language that failed to define "affiliate" to be insufficient to encompass a third party).

Because Plaintiff alleged the receipt of four text message solicitations, she has stated a claim for relief, and the Defendants' motion to dismiss should be denied.

**C.     The Claims Asserted Against Stone Sharp Should Remain.**

Defendants also assert that Defendant Sharp should be dismissed from this action because he is not "a corporate officer, but an employee." (Def. Mot. at 9.) This is irrelevant.

Put succinctly, "[d]irect liability under the TCPA does not depend on one's status as a corporate officer (or employee)." *Golan v. FreeEats.com, Inc.*, 930 F.3d 950, 960 (8th Cir. 2019). Rather, the TCPA imposes liability on any person who "had direct, personal participation in or personally authorized the conduct found to have violated the statute." *Van Sweden Jewelers, Inc. v. 101 VT, Inc.*, No. 1:10-CV-253, 2012 WL 4074620, at *8 (W.D. Mich. June 21, 2012) (collecting cases); *see also Golan*, 930 F.3d at 960 ("Simply put, 'any person' who violates the TCPA may be liable." (citing 47 U.S.C. § 227(b)(1))).

For this reason, courts routinely find that an employee can be held personally

liable for their direct participation in a violation of the TCPA. *See Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 417 (D. Md. 2011) (denying a motion to dismiss an employee who was directed involved in the TCPA violation); *Sandusky Wellness Ctr., LLC v. Wagner Wellness, Inc.*, No. 3:12 CV 2257, 2014 WL 1333472, at *3 (N.D. Ohio Mar. 28, 2014) (finding that employees of corporations can be held personally liable for violations of the TCPA); *Van Sweden Jewelers, Inc. v. 101 VT, Inc.*, No. 1:10-CV-253, 2012 WL 4074620, at *8 (W.D. Mich. June 21, 2012) (finding that an employee's participation in a TCPA violation was sufficient to state a claim).

Here, Sharp directly participated in the conduct that violated the TCPA. That is, Plaintiff alleges that Defendant Sharp sent each of the unlawful text messages. (FAC ¶¶ 16-18.) Because Sharp was directly involved in initiating the texts, he can be held personally liable under the TCPA. *See Sundermann v. Golden Circle Real Est. Grp., L.L.C.*, No. 4:19-CV-00140, 2019 WL 7758601, at *4 (S.D. Iowa Oct. 29, 2019) (denying a motion to dismiss where the individual defendant initiated the call).

As such, the claims asserted against Sharp should remain in this case.

**D.    By Alleging The Receipt Of Unsolicited Texts In Violation Of The TCPA, Whittaker Has Alleged A Concrete Injury Sufficient To Confer Standing.**

Defendants also claim that Plaintiff lacks standing to sue because she failed to allege "an actual injury from the two (2) purported calls" she received. (Def. Mot. at 11.) This argument ignores controlling precedent.

To satisfy Article III standing, Plaintiff must have: "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1042 (9th Cir. 2017) (quoting *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547, 194 L.Ed.2d 635 (2016)). "A plaintiff establishes injury in fact, if he or she suffered ''an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* (citing *Spokeo*, 136 S.Ct. at

1548). Moreover, Congress has a "role in elevating concrete, de facto injuries previously inadequate in law 'to the status of legally cognizable injuries.'" *Id.* (citing *Spokeo*, 136 S.Ct. at 1549).

In enacting the TCPA, "Congress aimed to curb telemarketing calls to which consumers did not consent by prohibiting such conduct and creating a statutory scheme giving damages if that prohibition was violated." *Id.* at 1043. "Unsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients." *Id.* Therefore, "[a] plaintiff alleging a violation under the TCPA 'need not allege any additional harm beyond the one Congress has identified.'" *Id.*

Here, Plaintiff plainly alleges the receipt of four (4) unsolicited telemarketing text messages from Defendants in violation of the TCPA. (FAC ¶¶ 16-19.) Plaintiff also alleged the harms associated with its receipt of unsolicited calls, including aggravation, nuisance, and invasion of privacy. (*Id.* ¶ 13.) Nothing more is needed to satisfy Article III standing. *See Shields v. Sonora Quest Lab'ys, LLC*, No. CV-15-00723-PHX-SPL, 2017 WL 3841489, at *3 (D. Ariz. Mar. 29, 2017); *Declements v. Americana Holdings LLC*, No. CV-20-00166-PHX-DLR, 2020 WL 3499806, at *1 (D. Ariz. June 29, 2020).

### E.   Defendants' Request For Attorneys' Fees Is Improper And Baseless.

Defendants then claim that this case is frivolous and request that the Court award them their attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and 28 U.S.C. § 1927. (Def. Mot. at 11-15.) As explained above, this case is not frivolous, and neither Section 1988 nor 1927 offers Defendants a basis to seek fees.

First, 42 U.S.C. § 1988 cannot possibly form a basis for an award of attorneys' fees in this case. That is, Section 1988 permits the recovery of attorneys' fees in actions to enforce civil rights. *See, e.g., Graves v. Arpaio*, 633 F. Supp. 2d 834, 842 (D. Ariz. 2009), *aff'd*, 623 F.3d 1043 (9th Cir. 2010); *see also* 42 U.S.C. § 1988. Because the instant case does not involve any claims relating to the enforcement of civil rights, Defendants' request for fees under this statute is baseless.

Second, 28 U.S.C. § 1927 also does not provide a basis for fees. As Ninth Circuit

has repeatedly held, "§ 1927 cannot be applied to an initial pleading." *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 435 (9th Cir. 1996) (citing *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 831 (9th Cir. 1986); *Matter of Yagman*, 796 F.2d 1165, 1187 (9th Cir.), *opinion amended on denial of reh'g sub nom. In re Yagman*, 803 F.2d 1085 (9th Cir. 1986)). Rather, "[s]anctions under section 1927 are warranted when attorneys file repetitive motions or generate an extraordinary volume of paperwork in the case." *Hartke v. Westman Prop. Mgmt., Inc.*, No. 3:15-cv-01901-GPC-DHB, 2016 WL 3286347, at *5 (S.D. Cal. June 14, 2016) (citation omitted). Nevertheless, Defendants argue that the Court should award them attorneys' fees under 28 U.S.C. § 1927 based on the FAC, which is an initial pleading. *Gidding v. Anderson*, No. C-07-4755 JSW (WDB), 2009 WL 1631625, at *1 (N.D. Cal. June 9, 2009) ("Because plaintiffs never served defendants with the original complaint, the FAC constitutes the initiating pleading in this action."). Accordingly, Defendants' fee request under Section 1927 is likewise baseless.

As a final point here, to push the claim that Plaintiff's claims are frivolous, Defendants improperly attempt to use confidential settlement negotiations in violation of Fed. R. Evid. 408. Indeed, Rule 408 prohibits the admission of such communications to disprove the validity of a claim. *See* Fed. R. Evid. 408(a). While they include a footnote that acknowledges this rule (*see* def. mot. at 13 n.3), they nonetheless offer the settlement communications to attempt to support their assertion that the claims are frivolous. (*See* Def. Mot. at 11-13.) This is wholly improper.

Because Defendants have cited to no basis to recover their fees, this argument should be flatly rejected.

**E.     The Court Should Not Take Judicial Notice Of Website Printouts.**

Defendants close by requesting that this Court take judicial notice of a litany of documents, including pleadings, statutes, FCC Orders, government website printouts, and a CIX website printout. (Def. Mot. at 13; Dkt. 12-4.) Plaintiff only opposes the request to take judicial notice of the CIX website printout (dkt. 12-4, Ex. G) and the government website printouts (*id.* Exs. B-F).

      Under Fed. R. Evid. 201(b), "a court may judicially notice a fact "not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *McCall v. Williams*, No. CV-19-05126-PHX-SMB, 2020 WL 6699493, at *3 (D. Ariz. Nov. 13, 2020). The Court may take judicial notice of websites when "authenticity of a website or the accuracy of the information on the website is not disputed*." ThermoLife Int'l LLC v. BPI Sports LLC*, No. CV-20-02091-PHX-SPL, 2021 WL 661981, at *2 (D. Ariz. Feb. 19, 2021). However, "[j]udicial notice may be denied when the materials to be noticed will not assist in resolution of the instant motion or when they will not change the court's analysis." *Id.*

      There is no basis for the Court to take judicial notice of the CIX's website. The website is neither generally known nor can it be said to be accurate. Indeed, it is unclear when the printout was obtained. Further, Defendants have offered the website as "evidence" of consent by claiming that it was a network partner with CIX. But this claim is rebutted by evidence produced by Plaintiff, which shows that Sunset joined CIX on August 3, 2021—nearly three years after Plaintiff supposedly visited the website. (CIX Sunset Partner Page, Ex. C.) Put simply, unverified internet exhibits are not subject to judicial notice. *See Hill v. City of Citrus Heights Police Dep't*, No. 12-CV-02876-JAM-KJN, 2013 WL 2403484, at *2 (E.D. Cal. May 31, 2013) (denying a request to take judicial notice of an unverified internet exhibits).

      Next, Plaintiff opposes the request to take judicial notice of the government website screenshots because they will not assist in the resolution of the instant motion. That is, Plaintiff asserts that specific jurisdiction exists over the claims asserted based on the texts directed into the State of Arizona. Plaintiff does not contend that Defendants are located in the forum. As such, these exhibits are of no consequence to the instant motion, and Defendants' request for judicial notice should be denied. *ThermoLife Int'l LLC v. BPI Sports LLC*, No. CV-20-02091-PHX-SPL, 2021 WL 661981, at *2 (D. Ariz. Feb. 19, 2021) (declining to take judicial notice of "administrative materials filed with the

California Secretary of State and the Arizona Corporation Commission" because "they do not assist the Court in its decision on the instant motion.").

Accordingly, the Court should deny Defendants' request to take judicial notice of the CIX website printout and the government website printouts.

### G. To The Extent The Court Finds That The Complaint Is Deficient, Plaintiff Should Be Granted Leave To Amend.

"[L]eave to amend "shall be freely given when justice so requires," Fed.R.Civ.P. 15(a), and this policy is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1-52 (9th Cir. 2003). To the extent the Court determines that Plaintiff's complaint should be dismissed, Plaintiff respectfully requests leave to amend to cure any defects.

## IV. CONCLUSION

Defendants' motion should be denied in its entirety. Defendants purposely directed unsolicited text messages to Plaintiff to solicit her to purchase their products and services. As such, the Court possesses specific jurisdiction over the claims asserted. Further, Plaintiff has alleged sufficient facts to state a claim for relief and standing to pursue the claims. Accordingly, the Court should deny Defendants' motion and order such additional relief as it may deem necessary and just.

Dated: December 15, 2021

**BRENDA WHITTAKER**, individually and on behalf of all others similarly situated,

By: */s/ Taylor T. Smith*
One of Plaintiff' Attorneys

Penny L. Koepke
pkoepke@hoalow.biz

| | |
|---|---|
| 1 | |
| 2 | 4854 E. Baseline Road, Suite 104<br>Mesa, Arizona 85206<br>Tel: (480) 833-1001 |
| 3 | |
| 4 | Taylor T. Smith (admitted *pro hac vice*)<br>tsmith@woodrowpeluso.com<br>Woodrow & Peluso, LLC |
| 5 | 3900 East Mexico Ave., Suite 300<br>Denver, Colorado 80210 |
| 6 | Telephone: (720) 907-7628<br>Facsimile: (303) 927-0809 |
| 7 | |
| 8 | *Counsel for Plaintiff and the Putative Class* |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above titled document was served upon counsel of record by filing such papers via the Court's ECF system on December 15, 2021.

/s/ Taylor T. Smith