Benjamin Donel, Esq. (SBN: 226226)
LAW OFFICES OF BENJAMIN DONEL & ASSOCIATES, APC
6125 Washington Blvd, Suite 300
Culver City, CA 90232
Telephone: (310) 864-7600
Facsimile: (310) 626-9752

Attorney for Defendant
Easy Financial, LLC and Stone Sharp

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| BRENDA WHITTAKER, an individual, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>EASY FINANCIAL, LLC d/b/a Sunset Equity, a California limited liability company, and STONE SHARP, an individual.<br><br>Defendants. | Case No.: 3:21-cv-08212-DJH<br><br>**DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**<br><br>**ORAL ARGUMENT REQUESTED** |

NOW COMES Defendants EASY FINANCIAL, LLC ("Easy Financial") and STONE SHARP ("Mr. Sharp") (collectively "Defendants") in reply to Plaintiff BRENDA WHITTAKER ("Whitaker" or "Plaintiff") opposition to Defendants Motion to Dismiss the First Amended Complaint ("FAC") pursuant to Fed. Rules of Civ. Proc. 12(b).

**STATEMENT OF FACTS IN REBUTTAL**

Plaintiff's opposition is full of hyperbole, opinion, contradictory arguments, and inaccurate statements of law.

**1**

1     Plaintiff alleges that she registered her cellular telephone on the Do Not Call
2 Registry ("DNC registry") on December 19, 2017. FAC ¶ 15. Opp. p. 3 ll. 15, 16.
3     Plaintiff alleges that all telephone calls and text messages that Defendants placed
4 are unsolicited and solely from telephone numbers registered on the DNC registry. FAC
5 ¶¶ 8, 24. Opp. p. 3. This is a declaratory statement without facts or evidence to support.
6     Plaintiff alleges that Easy Financial intentionally contacted persons that had their
7 telephone numbers on the DNC list. FAC ¶¶ 8, 11, ,12, 13, and 27.
8     Plaintiff asserts (incorrectly) that Easy Financial joined CIX on August 3, 2021.
9 Opp. p. 10, ll. 25-28.
10     **Fact:** Whittaker submitted her cellular number to Connected Investors Exchange
11 ("CIX") on or about September 25, 2018 requesting to be solicited. Mot. p. 3 ll 23-25.
12     **Fact:** It was solely from CIX that Defendants received her cellular number. Mot.
13 pp. 3-5. Dec. of Sepehram ¶¶ 14, 15.
14     **Fact:** Easy Financial has been a marketing partner with CIX since May 2018.
15     **Fact:** This waiver was limited to CIX and its marketing partners. Mtn. pp. 3-5.
16     **Fact:** Plaintiff was not "targeted." Text messages were sent broadly, not just to
17 Plaintiff and not just to Arizona.

### A. Attempt to Resolve

19     Despite attempts on Defendants' part, Plaintiff continues in this baseless litigation.
20 Defendants have provided to Plaintiff and her counsel:

- Proof of Plaintiff providing her contact information to CIX;
- Proof of the disclaimer Plaintiff approved; and
- Proof of Defendants being marketing partners of CIX.

23     Defendants have tried to resolve this litigation reasonably and without resort to a
24 Motion to Dismiss or further litigation.

### B. Maintaining a Meritless Case

26     Plaintiff and her attorneys have refused to acknowledge there is no evidence
27 supporting Plaintiff's allegation, let alone a class action.

**2**

1  Plaintiff and her attorneys do not refute any arguments that they violated the
2  ethical requirements of the Arizona Rules of Professional Conduct, Rule 3.1.  Mot. p. 13.

3  **ARGUMENT**

4  **I.  DO NOT CONTACT ALLEGATIONS**

5  Plaintiff alleges she registered her telephone number on the DNC list.  FAC ¶ 15.
6  Assuming that is correct (Plaintiff has not provided any evidence of registration) she
7  voluntarily waived her right when placing her contact information with CIX.  Mtn. pp. 3-
8  5.  Dec. of Sepehran ¶¶ 9, 10.

9  Plaintiff cites 47 C.F.R. 64.1200(c)(2)(ii) that the "permission must be
10 evidenced by a signed, written agreement between the consumer and seller which states
11 that the consumer agrees to be contacted by this seller and includes the telephone number
12 to which the calls may be placed."

13 Here, the signature is electronic.  Electronic signatures are as valid as "ink on
14 paper."  15 U.S.C. § 7001.  "The term 'electronic signature' means an electronic sound,
15 symbol, or process, attached to or logically associated with a contract or other record and
16 executed or adopted by a person with the intent to sign the record."  15 U.S.C. § 7006(5).
17 *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1023 (9th Cir. 2002).

18 Plaintiff cites *Satterfield v. Simon & Schuster, Inc.* claiming the term "affiliate" was
19 undefined.  *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 955 (9th Cir. 2009).  Opp.
20 p. 11.  Any alleged failure to define the term "network partner" is an issue that should
21 properly be brought against CIX directly, not Defendants.

22 **II.  PLEADING OF FACTS OUTSIDE THE COMPLAINT**

23 **A. Plaintiff's Assertion**

24 Plaintiff complains that in Defendants' motion to dismiss "raise[s] facts outside of
25 the FAC is improper."  Opp. p. 8.  To support this contention Plaintiff cites *Heath v. City*
26 *of Desert Hot Springs*, 618 F. App'x 882, 884 (9th Cir. 2015) and *Yeager v. Cingular*
27 *Wireless LLC*, 627 F. Supp. 2d 1170, 1176 (E.D. Cal. 2008).  Opp. p. 8 ll. 13-25.
28 *Heath* and *Yeager* do not concern admittance of evidence outside the complaint.

**3**

**B.  District Courts May Accept Evidence Not in the Complaint**

District Courts may be presented evidence outside of the pleading for consideration on a 12(b) motion.  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018); *Edumoz v. Republic of Mozam.*, 968 F. Supp. 2d 1041, 1060 (C.D. Cal. 2013); *and Grondal v. United States*, 682 F. Supp. 2d 1203, 1215 (E.D. Wash. 2010).

Fed. R. Civ. P. 12(d) states that when ruling on a Rule 12(b)(6) motion, "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.  All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."  *Hicks v. PGA Tour, Inc.*, 897 F.3d 1109, 1117 (9th Cir. 2018); *and Khoja* at 998 and 1012.

**C.  The Pleading is More Than Just the Complaint**

"The 'pleadings' include more than just the complaint.  We can consider 'exhibits attached to the Complaint or matters properly subject to judicial notice.'"  *Hicks* at 1117, *quoting Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

Further, the court "may also consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading."  *Id*.

In Hicks, the court allowed evidence to be presented that was not specifically plead in the complaint but arose from facts and allegations in the complaint.  *Hicks* at 1117, 1118, ("'judicially noticeable facts . . . about when the PGA Tour started requiring caddies to wear bibs during tournaments'…did not result in consideration of materials outside the pleadings.")

Plaintiffs allege Defendants did not have a business relationship.  Proof of that relationship arises out of the pleadings and thus is judicially noticeable therefore is evidence of the Plaintiff's consent to be contacted via text message by a CIX partner is admissible.

The Court should admit all judicially noticeable documents.

**4**

**D. The Court Should Take Judicial Notice**

Defendants request this court to take judicial notice of the documents filed concurrently with this motion.

Courts may consider facts subject to judicial notice in deciding a motion to dismiss under Rule 12(b)(6).  In *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, the Supreme Court ruled "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 321 (2007); *and Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018); *and Webb v. Trader Joe's Co.*, 999 F.3d 1196, 1201 (9th Cir. 2021).

Plaintiff cites *McCall v. Williams*, No. CV-19-05126-PHXSMB, 2020 WL 6699493, at *3 (D. Ariz. Nov. 13, 2020).  In *McCall*, the court GRANTED the request for judicial notice.  *Id.*

Plaintiff further relies on *ThermoLife International LLC v. BPI Sports LLC* stating the court can take judicial notice when the "authenticity of a website or the accuracy of the information on the website is not disputed." *ThermoLife Int'l LLC v. BPI Sports LLC*, No. CV-20-02091-PHX-SPL, 2021 WL 661981, at *2 (D. Ariz. Feb. 19, 2021).

Here, the court specified that (1) government websites are judicially noticed; (2) judicial or administrative proceeding which has a *direct relation to the matters at issue*; and (3) Judicial notice may be denied when the materials to be noticed will not assist in resolution of the instant motion or when they will not change the court's analysis.  *Id*.

Defendants request for judicial notice concerns (1) governmental documents to establish lack of jurisdiction; and (2) a website printout that substantiates Defendants' contentions and defenses as regarding Plaintiff's consent to be contacted.  These documents are readily ascertainable and has a direct relation to the matters at issue.

**5**

### III. THIS COURT LACKS JURISDICTION OVER DEFENDANTS

To establish jurisdiction requires "an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1780 (2017). The "specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Bristol-Myers Squibb Co.* at 1780.

The United States Supreme Court has held that a "state court may exercise general jurisdiction only when a defendant is "essentially at home" in the State." *Ford Motor Co. v. Mont. Eighth Judicial Dist. Court*, 141 S. Ct. 1017, 1024 (2021).

"Only a select 'set of affiliations with a forum' will expose a defendant to such sweeping jurisdiction…In giving content to that formulation, the Court has long focused on the nature and extent of 'the defendant's relationship to the forum State.'" *Id*.

"They must show that the defendant deliberately 'reached out beyond' its home—by, for example, 'exploi[ting] a market' in the forum State or entering a contractual relationship centered there. [Citation Omitted.] Yet even then—because the defendant is not "at home"—the forum State may exercise jurisdiction in only certain cases. The plaintiff's claims, we have often stated, 'must arise out of or relate to the defendant's contacts' with the forum." *Ford Motor Co.* at 1025.

It is the "place of domicile" (for an individual) or the "or a corporation are its place of incorporation and principal place of business." *Ford Motor Co*. at 1024.

**A. Plaintiff Cannot Establish Minimum Contact**

Plaintiffs assert a 3 prong test postulated by *Schwarzenegger v. Fred Martin Motor Co*. asserting Defendants "purposefully direct[s]' its activities or 'purposefully avails' itself of the benefits afforded by the forum's laws; (2) the claim 'arises out of or relates to the defendant's forum-related activities." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). Opp. pp. 4-7.

**6**

In commenting on *Schwarzenegger*, the Court stated "[m]ere foreseeability of an injury or event occurring in another state is not sufficient" to establish jurisdiction. *Planning Grp. of Scottsdale, L.L.C. v. Lake Mathews Mineral Props.*, 224 Ariz. 306, 314, 230 P.3d 365, 373 (Ct. App. 2010); *aff'd in part Planning Grp. of Scottsdale v. Lake Mathews Mineral Props., Ltd.*, 226 Ariz. 262, 266 (2011). "Rather, the question is whether the defendant's contacts with the forum, physical or otherwise, 'make it reasonable, in the context of our federal system of government, to require the [defendant] to defend the particular suit which is brought there.'" *Planning Grp. of Scottsdale* at 266, *quoting Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

"[D]ue process requires only that in order to subject a defendant to a judgment *in personam,* if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co.* 316. *See also Schwarzenegger* at 800; *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017).

Plaintiff must establish that a "defendant 'engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state." *Axiom Foods* at 1069.

Here, Plaintiff's allegations do not hold up.  Plaintiff fails to prove that "defendant targeted her."  Instead, her allegations are without any supporting document or evidence; making declaratory statements that Defendants allegedly sent unsolicited text messages to hundreds, if not thousands of persons.  FAC ¶¶ 8, 11, 13, and 27.  As part of her class allegations, those unsolicited texts were for persons not necessarily in Arizona or the 9th Circuit.  FAC ¶¶ 22-29.

Yet her opposition repeatedly states that Defendants apparently targeted her specifically, in Arizona. Opp. pp. 3, and 5-6.

**B.  Stone Sharp Should be Dismissed**

Plaintiff asserts two cases to imply that the TCPA includes individual employees; *Golan v. FreeEats.com, Inc.*, 930 F.3d 950, 960 (8th Cir. 2019) and *Van Sweden*

**7**

1  *Jewelers, Inc. v. 101 VT, Inc.*, No. 1:10-CV-253, 2012 WL 4074620, at *8 (W.D. Mich. June 21, 2012).

Plaintiffs cannot find a 9th Circuit case to prove their position. It is well established that **employees** cannot be held individually liable, only corporate officers.

The fiduciary shield doctrine holds that "a person's mere association with a corporation that causes injury in the forum state is not sufficient in itself to permit that forum to assert jurisdiction over the person." *Mulato v. Wells Fargo Bank, N.A.*, 76 F. Supp. 3d 929, 945 (N.D. Cal. 2014).

Corporate officers "may be held individually liable under the TCPA if, as alleged here, they personally participated in or otherwise authorized the commission of wrongful acts." *Ott v. Mortg. Inv'rs Corp. of Ohio*, 65 F. Supp. 3d 1046, 1057 (D. Or. 2014).

However, Corporate officers do not "become a party to the contract simply by 'signing it in the officer's representative capacity.'" *Boon Glob. Ltd. v. United States Dist. Court* (In re Boon Glob., Ltd.), 923 F.3d 643, 651 (9th Cir. 2019). Courts have held that "Corporate officers can be liable for corporate actions where they are "the guiding spirit behind the wrongful conduct, or the central figure in the challenged corporate activity." *Id*.

The status as a corporate officer "does not foreclose personal jurisdiction . . . [but] also does not guarantee it" the court should assess "whether each individual had minimum contacts with the forum such that the exercise of jurisdiction over that individual would comport with traditional notions of fair play and substantial justice." *Gonzalez v. US Human Rights Network*, 512 F. Supp. 3d 944, 955 (D. Ariz. 2021).

Mr. Sharp did not "sign in an officer's capacity" or have any contact with Arizona.

Justice and equity demand that Mr. Sharp be dismissed with prejudice.

**C.  Estimate of Inconveniences**

"Specifically, 'the defendant's suit-related conduct must create a substantial connection with the forum State.' Our 'primary concern' is 'the burden on the defendant.'" *Id*.

**8**

"An 'estimate of the inconveniences' which would result to the corporation from a trial away from its "home" or principal place of business is relevant in this connection." *Int'l Shoe Co.* at 316-317. *See also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 486, (The "'facts of each case must [always] be weighed' in determining whether personal jurisdiction would comport with 'fair play and substantial justice.'")

This "minimum contacts" test also applies to natural persons. *Planning Grp. of Scottsdale* at 266.

### D. Estimate of Inconveniences

Defendants would be irreparable harmed if this matter is heard in this jurisdiction.

Defendants, their attorney, and all witnesses are residents of California. It would be unduly burdensome on Defendants to provide transportation, lodging, and food for each and every hearing (including the trial) the Court requires.

### IV. ATTORNEY FEES ARE PROPER

FRCP Rule 54(d)(1) states, "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." The court, "in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." *Bravo v. City of Santa Maria*, 810 F.3d 659, 665-66 (9th Cir. 2016).

In light of Plaintiff's attorneys violation of their ethical requirements to have brought or continued such a claim in bad faith, an award of attorney fees is proper.

Plaintiff asserts 42 U.S.C. § 1988 is for action in civil rights. Mot. p. 13.

The Fourteenth Amendment's Due Process Clause limits a state court's power to exercise jurisdiction over a defendant. *Ford Motor Co*. at 1024. This action is in support of Defendants' Constitutional rights.

### V. FEDERAL RULES OF EVIDENCE, RULE 408

#### A. Use of Confidential Settlement Communications is Allowable

Federal Rule of Evid., R 408 "prohibits the introduction of settlement evidence when offered to prove or disprove the validity or amount of a disputed claim or to

impeach by a prior inconsistent statement," however Court may admit evidence of settlement negotiations for other purposes." *Cummings v. Energy Int'l Servs., LC*, 271 F. Supp. 3d 1182, 1191 (E.D. Cal. 2017).

Other purposes include evidence "as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution." *Green v. Baca*, 226 F.R.D. 624, 641-42 (C.D. Cal. 2005); *also Millenkamp v. Davisco Foods Int'l, Inc.*, 562 F.3d 971, 980 (9th Cir. 2009).

In *Cummings*, the court admitted settlement evidence to demonstrate if Plaintiffs have standing or not. *Cummings* at 1119.

"The court has 'broad discretion' as to whether to admit such evidence and should weigh the need for the evidence against the possibility of discouraging future settlement negotiations." *Schmalenberg v. Sunwest Bank (In re Schmalenberg)* , 623 B.R. 858, 862 (Bankr. W.D. Wash. 2020).

### B. Defendants' Need for Confidential Communications

There is a line between zealous advocacy and sanctionable conduct, Plaintiff and her attorneys have crossed it.

Plaintiff's settlement offer is extreme in lieu of the alleged offense and alleged damages. Plaintiff's settlement offer demands matters that are impossible for Defendants to implement, namely, to force CIX to change its disclaimer. Mot. p. 12-13. Dec. of Sepehran ¶ 27.

Plaintiff's attorneys demand that Defendants accept an impossible stipulation *before discussing monetary settlement* and suggesting the monetary settlement would be "six figures." Mot. p. 12-13. Dec. of Sepehran ¶ 27.

### C. Such demand is exorbitant and unreasonable.

In light of the statutory damages allowed, this demand is close to extortion. In *BWP Media USA Inc.* the court found the Plaintiff's attorney "employs a business model of using the threat of attorney's fees to extract exorbitant settlement amounts, noting BWP's initial settlement demand for $30,000.00 vastly exceeded the $1,000.00 in

statutory damages." *BWP Media USA Inc. v. Rich Kids Clothing Co., LLC*, 103 F. Supp. 3d 1242, 1247 (W.D. Wash. 2015).

Further, in *Brighton Collectibles, Inc.*, the court reduced the lodestone by 60% due to Plaintiff's exorbitant settlement demands. *Brighton Collectibles, Inc. v. RK Tex. Leather Mfg.*, No. 10-CV-419-GPC (WVG), 2014 U.S. Dist. LEXIS 151263, at *29 (S.D. Cal. Oct. 24, 2014). For this reason, Defendants request this court to consider such evidence.

## **CONCLUSION**

Defendants respectfully requests this court to take judicial notice of all exhibits, as they are readily ascertainable and directly related to Plaintiff's claims and causes of action. Plaintiff's allegations regarding CIX's disclosure should be properly addressed elsewhere. Further, Plaintiff's settlement demands are extortionate in light of the statutory damages.

For the above mentioned reasons, Defendants request this court to dismiss this action with prejudice and without leave to amend.

Date:  December 22, 2021

**LAW OFFICES OF BENJAMIN DONEL & ASSOCIATES**

/s/ *Benjamin Donel*
Benjamin Donel
Attorney for Defendant
Easy Financial, LLC and Stone Sharp

**11**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above titled document was served upon counsel of record by filing such papers via the Court's ECF system on December 22, 2021.

/s/ *Benjamin Donel*
Benjamin Donel