WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brenda Whittaker,<br><br>   Plaintiff,<br><br>v.<br><br>Real Estate Heaven International Incorporated, et al.,<br><br>   Defendants. | No. CV-21-08212-PCT-DJH<br><br>**ORDER** |

Pending before the Court is Defendants' Motion to Dismiss (Doc. 12).[1] Plaintiff filed a Response in Opposition (Doc. 18), and Defendants filed a Reply (Doc. 19). For the following reasons, the Court denies the Motion.

**I. Background**

As alleged in the First Amended Complaint ("FAC"), Plaintiff brings this Telephone Consumer Protection Act ("TCPA") class action after receiving two sets of text messages from Defendants in May 2021 that offered to sell loans. (Doc. 7 ¶¶ 16–18). She alleges she never consented to receive these messages and that her number is listed in the national Do Not Call Registry. (*Id.* at ¶¶ 15, 19). Under the TCPA, it is unlawful for any person "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party . . . ." 47 U.S.C. § 227 (b)(1)(B).

---

[1] Defendants requested oral argument on their Motion. The Court finds that the issues have been fully briefed and oral argument will not aid the Court's decision. Therefore, the Court will deny the request for oral argument. *See* Fed. R. Civ. P. 78(b) (court may decide motions without oral hearings); LRCiv 7.2(f) (same).

Defendants present four arguments in their Motion to Dismiss. The Court will address them in the following order. First, Defendants argue the Court lacks personal jurisdiction over them. Second, they argue this action must be dismissed because they have provided plaintiff with "incontrovertible evidence" that she consented to the messages. (Doc. 12 at 11). Third, Defendants seek to dismiss this action on the grounds that Plaintiff "fails to allege she suffered an actual injury from the two (2) purported calls Plaintiff alleges she received." (*Id.*) Finally, Defendant Stone Sharp ("Sharp") argues he cannot be held personally liable for Plaintiff's claims because he is only an employee of Defendant Easy Financial, LLC ("Easy Financial").

## II.     Personal Jurisdiction

The Court first examines its jurisdiction over the parties. There is no dispute that both Defendants reside in California and that Plaintiff resides in Arizona. Because Defendants have challenged the Court's jurisdiction, Plaintiff now bears the burden of showing the exercise of jurisdiction is appropriate. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).

Federal courts have personal jurisdiction over a defendant "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(k)(1)(A). Arizona courts may exercise personal jurisdiction "to the maximum extent permitted by the Arizona Constitution and the United States Constitution." Ariz. R. Civ. P. 4.2. Due process requires "certain minimum contacts" such that the lawsuit "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Since *International Shoe*, courts separate personal jurisdiction into "general" and "specific" jurisdiction. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

Plaintiff argues that the Court may exercise specific jurisdiction over both Defendants. In the Ninth Circuit, courts use a three-prong test to analyze specific personal jurisdiction:

(1) The non-resident defendant must purposefully direct his activities or

consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802 (quoting *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir.1987)). A plaintiff need only satisfy the first two prongs to create a rebuttable presumption that the third is also satisfied. *Id.*

Plaintiffs argue that many courts within the Ninth Circuit have found the first prong is satisfied for TCPA claims when an out-of-state defendant directs "telemarketing activities" to plaintiffs in the forum state. (Doc. 18 at 5) (citing *Baker v. Caribbean Cruise Line, Inc.*, 2014 WL 880634, at *2 (D. Ariz. Mar. 6, 2014) (finding the complaint "is sufficient to establish specific jurisdiction, based on the allegation that Defendant made calls to Plaintiff's Arizona number and the fact that those calls are the basis for Plaintiff's claims"); *Fishman v. Subway Franchisee Advert. Fund Tr., Ltd.*, 2019 WL 6135030, at *6 (C.D. Cal. Nov. 19, 2019); *j2 Glob. Commc'ns, Inc. v. Blue Jay, Inc.*, 2009 WL 29905, at *9 (N.D. Cal. Jan. 5, 2009); *Heidorn v. BDD Mktg. & Mgmt. Co., LLC*, 2013 WL 6571629, at *8 (N.D. Cal. Aug. 19, 2013)).

Defendants do not comment on these cases and, instead, argue that the FAC fails to allege that their activities were "targeted" towards Plaintiff, in Arizona. But this argument is unpersuasive because the Court can already infer from the FAC that Defendants' texts were sent to Plaintiff, an Arizona resident. (Doc. 7 at ¶ 1).[2] The Court is satisfied with Plaintiff's showing that Defendants have purposely directed business activities to individuals in Arizona.

It follows that Plaintiff's TCPA claim is one that is directly related to the texts that

---

[2] Plaintiff also represents in a declaration that the Plaintiff's phone number contains an Arizona area code. (Doc. 18 at 6).

Defendants sent, satisfying the second prong. Defendants make no counter argument on this point. And because Plaintiff has demonstrated the first two prongs, she has established a presumption that the exercise of jurisdiction over Defendants is reasonable. Defendants make no argument to rebut this presumption. Overall, the Court finds it may exercise specific personal jurisdiction over Defendants.

**III.     Defendants' Evidence of Consent**

Next, the Court considers Defendants' claim that they presented Plaintiff with "incontrovertible evidence" that she consented to receive the texts, and yet "Plaintiff's attorney continues to pursue this matter . . . ." (Doc. 12 at 11). To the extent Defendants seek to dismiss this action based upon such claimed evidence, the Court declines to do so.

At the pleading stage, the Federal Rules of Civil Procedure require that a complaint make a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). It is well established that in reviewing a motion to dismiss, "all factual allegations set forth in the complaint 'are taken as true and construed in the light most favorable to the plaintiffs.'" *Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001) (quoting *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996)). Here, it is enough for Plaintiff to allege that she did not "ever consent to receive text messages from Defendants." (Doc. 7 at ¶ 19). The Court must accept this as true. And yet Defendants, apparently frustrated that Plaintiff will not concede their point, ask the Court to take judicial notice of the fact that she consented. (Doc. 12 at 13).

Judicial notice is reserved for facts that are "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Defendants only support for their assertion that Plaintiff consented to the messages is a declaration stating that Plaintiff signed up to receive messages on September 25, 2018, when she signed up online to receive loan information. (Doc. 12-2 at ¶ 8). This fact is not appropriate for judicial notice because this declaration can be reasonably questioned. Therefore, the Court declines Defendants' request for judicial notice.

The Court notes that counsel for Plaintiff have filed their FAC and signed it as required by Federal Rule of Civil Procedure 11(b), thereby representing that its claims are "nonfrivolous" and that its "factual contentions have evidentiary support . . . ." Fed. R. Civ. P. 11(b). Defendants insist that Plaintiff's pursuit of this matter constitutes a breach of counsel's ethical duties and warrants sanctions. With the limited record before it, it is impossible to decide here that sanctions are warranted. Defendants may, instead, pursue sanctions as dictated by Rule 11.

**IV.   Injury in Fact**

Next, Defendants argue Plaintiff's allegations fail to establish an injury in fact. (Doc. 12 at 11). The Court rejects this argument. In all cases or controversies before a federal court, a plaintiff must allege a concrete and particularized injury. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 334 (2016). Congress may "identify[] and elevat[e] intangible harms" to injuries in fact by identifying them in statute. *Id.* at 341. Here, Plaintiff alleges that Defendants violated her rights under the TCPA as codified in 47 U.S.C. § 227(c)(5). (Doc. 7 at 8). By alleging that her statutory rights were violated by Defendants, Plaintiff has certainly demonstrated an injury in fact. Defendants' implied argument that there must be some additional "actual injury" is clearly contrary to established law.[3] "A plaintiff alleging a violation under the TCPA need not allege any additional harm beyond the one Congress has identified." *See Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1043 (9th Cir. 2017) (cleaned up).

**V.   Stone's Liability**

Finally, Defendant Stone argues he cannot be held liable in a TCPA action against Easy Financial because he is just an employee. (Doc. 12 at 9).[4] The argument appears to be that because he is just an employee, and because corporate officers with even greater authority are not liable for contracts signed on a company's behalf, he himself should not

---

[3] The Court reminds Defendants that they, too, have a duty to present legal contentions that "are warranted by existing law or by a nonfrivolous argument . . . ." Fed. R. Civ. P. 11(b).

[4] Defendants frame this argument to assert that the Court lacks personal jurisdiction over him. But the central premise of his argument, which the Court rejects, is that he himself cannot be held liable for Plaintiff's TCPA claim.

be liable for this TCPA action. (*Id.*) (citing *In re Boon Glob. Ltd.*, 923 F.3d 643, 651 (9th Cir. 2019)).

Plaintiff cites to many cases from the Ninth Circuit holding that "[d]irect liability under the TCPA does not depend on one's status as a corporate officer (or employee)." (Doc. 18 at 11) (quoting *Golan v. FreeEats.com, Inc.*, 930 F.3d 950, 960 (8th Cir. 2019)). Overall, the cases show "courts that have addressed the personal-liability issue have concluded that individuals acting on behalf of a corporation may be held personally liable for violations of the TCPA where they 'had direct, personal participation in or personally authorized the conduct found to have violated the statute.'" *Van Sweden Jewelers, Inc. v. 101 VT, Inc.*, 2012 WL 4074620, at *8 (W.D. Mich. June 21, 2012) (quoting *Texas v. Am. Blastfax*, 164 F.Supp.2d 892, 898 (W.D.Tex.2001)). The *Golan* court's reasoning behind this rule is instructive. It held "[t]he scope of direct liability is determined by the statutory text. The TCPA makes it 'unlawful for any person . . . to initiate any telephone call' that violates its relevant prohibitions. Thus, to be held directly liable, the defendant must be the one who 'initiates' the call." *Golan*, 930 F.3d at 960 (8th Cir. 2019) (internal citations omitted).

Courts in the Ninth Circuit have addressed this question and, using similar reasoning, come to the same conclusion, albeit in dicta. The Central District of California determined that a "party can be held liable under Section 227(b)(1)(A)(iii) directly if it personally 'makes' a call in the method proscribed by the statute, or vicariously, such as, if it was in an agency relationship with the party that sent the text message." *Thomas v. Taco Bell Corp.*, 879 F. Supp. 2d 1079, 1084 (C.D. Cal. 2012), *aff'd*, 582 F. App'x 678 (9th Cir. 2014). The *Thomas* court, however, found that a theory of vicarious liability better suited the facts of that case, making direct liability inapplicable. *Id.* The Ninth Circuit agreed that both direct and vicarious liability serve as "potential theories of liability" and held that the District Court correctly found that vicarious liability applied to its case. *Thomas v. Taco Bell Corp.*, 582 F. App'x 678, 679 (9th Cir. 2014).

Here, Plaintiff alleges that it was Stone himself who sent the text messages, and they

argue he is directly liable. Following the reasoning set out in *Golan* and by the district court in *Thomas*, the Court finds that under 47 U.S.C. § 227(b), an individual who "initiates" a text message may be held directly liable. Here, Stone may be held directly liable.

**VI.   Conclusion**

Having exhausted Defendants' arguments, the Court will deny their Motion to Dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (Doc. 18) is **DENIED**.

Dated this 16th day of May, 2022.

Honorable Diane J. Humetewa
United States District Judge