Penny L. Koepke
pkoepke@hoalaw.biz
**MAXWELL & MORGAN, P.C.**
4854 E. Baseline Road, Suite 104
Mesa, Arizona 85206
Tel: (480) 833-1001

[Additional counsel appearing on signature page]

*Attorneys for Plaintiff and the Class*

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Brenda Whittaker, an individual, individually and on behalf of all others similarly situated,<br><br>　　　　　*Plaintiff*,<br><br>v.<br><br>Easy Financial, LLC d/b/a Sunset Equity, a California limited liability company, and Stone Sharp, an individual,<br><br>　　　　　*Defendants/Cross-Claimants*,<br><br>Connected Investors, LLC, a Delaware limited liability company,<br><br>　　　　　*Cross-Defendant*, | Case No. 3:21-cv-08212-DJH<br><br>**JOINT STATEMENT REGARDING DISCOVERY DISPUTE**<br><br>FAC Filed: October 6, 2021 |

**Plaintiff's Position:** In this alleged class action under the TCPA, a dispute has arisen relating to the conditions under which Connected Investors, LLC ("CIX") should produce the 1,385 telephone numbers associated with leads sold to Easy Financial, LLC d/b/a Sunset Equity ("Sunset"). Formally, Plaintiff seeks a complete response to Request for Production No. 2 (Ex. A). The requested information is plainly relevant to the class claims in this case. Indeed, identifying the size and scope of the potential class will naturally relate to numerosity, commonality, predominance, and superiority.[1] More importantly, the information is necessary to enable Plaintiff (and the Court) to determine whether a certifiable class exists.[2]

CIX does not object to the production. Rather, it has raised unfounded privacy concerns, *see Mbazomo*, 2017 WL 2346981, at *3 ("federal courts routinely hold that name and telephone number disclosures do not present a serious privacy invasion."), and asserts that Plaintiff's counsel should be restrained from contacting class members. While Plaintiff's counsel does not intend to contact any class members, there is no basis for prohibiting such contact.[3] Indeed, the Supreme Court has recognized that pre-certification communications between the class and class counsel may <u>only</u> be restricted in limited circumstances by no means present here. *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 90 (1981). The objections should be overruled, and CIX should be compelled to respond.

---

[1] The Ninth Circuit has held that it is an abuse of discretion to deny pre-certification discovery "where discovery is necessary to determine the existence of a class". *Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977). And courts regularly order the production of records to identify potential class members prior to certification. *See Mbazomo v. ETourandTravel, Inc.*, No. 2:16-cv-02229-SB, 2017 WL 2346981, at *3 (E.D. Cal. May 30, 2017); *Bernstein v. S. California Tel. Co.*, No. 5:19-cv-01888-JGB-SP, 2020 WL 5289930, at *4 (C.D. Cal. May 27, 2020); *Stein v. I 5 Exteriors Inc.*, No. 3:21-cv-5093-DWC, 2021 WL 4902518, at *3-4 (W.D. Wash. Sept. 15, 2021).

[2] Sunset revealed that it failed to keep maintain records. Consequently, Plaintiff will need to engage is a three-step process to identify the potential Class. First, Plaintiff will need to obtain the list of telephone numbers that Sunset purchased from CIX. Then, Plaintiff will need to identify which of those numbers are registered on the DNC Registry (as Plaintiff's was). Finally, the DNC Registry numbers will need to be cross referenced against Sunset's outbound call records to determine which numbers were called more than once in any twelve-month period in violation of the TCPA.

[3] To grant this request would unfairly permit CIX and Sunset to communicate freely with class members while Plaintiff would be restrained from similar communications.

**CIX's Position:** CIX agrees to produce the telephone numbers so plaintiff can determine class size, but requests this Court to order plaintiff to refrain from contacting putative class members until after class certification. It is ironic that plaintiff, who purports to represent aggrieved consumers who were subjected to unsolicited texts, seeks to reserve the right to contact these same consumers when it is undisputed none of them consented to be contacted by a TCPA law firm. Such requests are typically denied. *Charles v. Nationwide Mut. Ins. Co.*, No. 09 CV 94 ARR, 2010 WL 7132173 (2010) ("[c]ourts have ordinarily refused to allow discovery of class members' identities at the pre-certification stage out of concern that plaintiffs' attorneys may be seeking such information to identify new clients, rather than to establish the appropriateness of certification."). Courts will refuse to compel discovery of such information unless it is essential to determine class certification or the proper scope of the class action. *James Lee Constr., Inc. v. Gov't Emps. Ins. Co.*, 339 F.R.D. 562 (2021) (holding that plaintiffs were not entitled to pre-class certification discovery of names, addresses, and telephone numbers of sample putative class members, where defendant agreed to disclose subrogation information that contained the same information needed for Plaintiffs to certify their class). *See also*, *Swelnis v. Universal Fidelity*, 2014 WL 1571323 (2014) (the court held that plaintiff was not entitled to contact information of potential class members because plaintiff only needed information sufficient to show numerosity); *Mbazomo*, 2017 WL 2346981, at *3 (Although "California federal courts routinely hold that name and telephone number disclosures do not present a serious privacy", plaintiff must "establish [that] class certification via disclosure of these names and telephone number is essential to her case.").

In the instant case, CIX has provided plaintiff with the number of leads sold to Sunset and provided the process followed by CIX to obtain consent from individuals soliciting services through the CIX website. To the extent numerosity is even a contested issue (it is not), plaintiff can use the telephone numbers to determine class size. Accordingly, plaintiff does not need to contact the putative class members.

| | | |
|---|---|---|
| 1 | | |
| 2 | | **BRENDA WHITTAKER**, individually and on behalf of all others similarly situated, |
| 3 | | |
| 4 | Dated: July 8, 2022 | By: */s/ Taylor T. Smith*<br>One of Plaintiff's Attorneys |
| 5 | | |
| 6 | | Penny L. Koepke<br>pkoepke@hoalaw.biz<br>Maxwell & Morgan, P.C. |
| 7 | | 4854 E. Baseline Road, Suite 104<br>Mesa, Arizona 85206 |
| 8 | | Tel: (480) 833-1001 |
| 9 | | Taylor T. Smith (admitted *pro hac vice*)<br>tsmith@woodrowpeluso.com |
| 10 | | Woodrow & Peluso, LLC<br>3900 East Mexico Ave., Suite 300 |
| 11 | | Denver, Colorado 80210<br>Telephone: (720) 907-7628 |
| 12 | | Facsimile: (303) 927-0809 |
| 13 | | *Counsel for Plaintiff and the Putative Class* |
| 14 | | |
| 15 | | **CONNECTED INVESTORS, LLC** |
| 16 | Dated: July 8, 2022 | By: */s/ Patrick N. Downes* |
| 17 | | Patrick N. Downes<br>Manteau Downes LLP |
| 18 | | 10100 Santa Monica Blvd., Ste. 300<br>Los Angeles, CA 90067 |
| 19 | | 310-497-1780<br>Email: pdownes@manteaudownes.com |
| 20 | | |
| 21 | | *Counsel for Connected Investors, LLC* |

**Certificate of Conferral**

I hereby certify that counsel for Plaintiff Brenda Whittaker and Cross-Defendant Connected Investors, LLC have attempted to resolve the matter through personal consultation and sincere effort as required by LRCiv 7.2(j) and have reached an impasse.

/s/ Taylor T. Smith

3

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a true and correct copy of the above titled document was served upon counsel of record by filing such papers via the Court's ECF system on July 8, 2022.

                                                      */s/ Taylor T. Smith*