Penny L. Koepke
pkoepke@hoalow.biz
**MAXWELL & MORGAN, P.C.**
4854 E. Baseline Road, Suite 104
Mesa, Arizona 85206
Tel: (480) 833-1001

[Additional counsel appearing on signature page]

*Attorneys for Plaintiff and the Class*

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Brenda Whittaker, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>Easy Financial, LLC d/b/a Sunset Equity, a California limited liability company, and Stone Sharp, an individual,<br><br>*Defendants/Cross-Claimants*,<br><br>v.<br><br>Connected Investors, LLC, a Delaware limited liability company,<br><br>*Cross-Defendant.* | Case No. 3:21-cv-08212-DJH<br><br>**STIPULATION TO EXTEND ALL REMAINING DEADLINES (First Request)**<br><br>FAC Filed: October 6, 2021 |

Plaintiff Brenda Whittaker ("Plaintiff" or "Whittaker"), Defendants Easy Financial, LLC d/b/a Sunset Equity ("Sunset") and Stone Sharp ("Sharp" and collectively with Sunset, "Defendants"), and Cross-Defendant Connected Investors, LLC ("CIX") hereby jointly stipulate as follows:

1. On October 6, 2021, Plaintiff filed her First Amended Class Action Complaint alleging wide-scale violations of the Telephone Consumer Protection Act, 47

1

1. U.S.C. § 227, *et seq.* ("TCPA" or "Act"). (Dkt. 7.)

2. On November 18, 2021, the Court issued an Order setting the scheduling conference in this case. (Dkt. 14.)

3. On January 18, 2022, the Parties filed their Joint Case Management Report pursuant to Rule 26(f). (Dkt. 20.)

4. After reviewing the Joint Case Management Report, the Court issued an Order setting the following remaining deadlines:

   a. Deadline to Serve Written Discovery: <u>August 5, 2022</u>;
   b. Deadline to Scheduling Depositions: <u>September 12, 2022</u>;
   c. Deadline to Engage In Good Faith Settlement Discussions: <u>September 19, 2022</u>;
   d. Fact Discovery Cut-Off: <u>September 19, 2022</u>;
   e. Plaintiff's Expert Disclosure Deadline: <u>October 7, 2022</u>;
   f. Defendant's Expert Disclosure Deadline: <u>October 28, 2022</u>;
   g. Rebuttal Expert Disclosure Deadline: <u>November 11, 2022</u>;
   h. Expert Discovery Cut-Off: <u>December 2, 2022</u>;
   i. Dispositive Motion Deadline: <u>January 2, 2023</u>; and
   j. Deadline to File Notice of Readiness for Pretrial Conference: <u>January 12, 2023</u>.

(Dkt. 21.)

5. The Parties have not previously sought an extension of the deadlines set forth above.

6. Since the commencement of discovery, the Parties have been actively engaged in litigating this case. Indeed, on January 28, 2022, Plaintiff served discovery requests directed to Defendants Sunset and Stone. (Dkt. 26.) On March 22, 2022, Defendants served their objections and responses to the first set of discovery requests. (Dkt. 29.) Defendants served supplemental responses on April 12, 2022. (Dkt. 30.) Defendants served additional supplemental responses on April 22, 2022. (Dkt. 32.)

7. On April 13, 2022, Plaintiff served her first set of discovery requests directed to CIX. (Dkt. 31.) On June 3, 2022, CIX provided its objections and responses to Plaintiff discovery requests.

8. On April 28, 2022, Defendant Sunset served its first set of discovery requests directed to Plaintiff. (Dkt. 33.) On May 31, 2022, Plaintiff served her objections and responses to Sunset's discovery requests. (Dkt. 36.)

9. On May 31, 2022, Sunset served its first set of discovery requests directed to CIX. On June 30, 2022, CIX served its objections and responses to Sunset's first set of discovery requests.

10. On July 8, 2022, Plaintiff and CIX filed a joint statement regarding their discovery dispute concerning the conditions under which CIX should produce the telephone numbers associated with leads sold to Sunset. (Dkt. 39.) On July 11, 2022, the Court Ordered the production of the telephone numbers. (Dkt. 40.) Plaintiff has not yet received the telephone numbers.

11. During discovery, Sunset initially informed Plaintiff that it possessed the cellular telephone that placed the text messages at issue. Later, Sunset revealed that while it possessed the phone, the phone was no longer operational. Sunset further revealed that it did not keep any additional records of outbound telemarketing calls or text messages. Based on this disclosure, Plaintiff sought the identity of the telephone service provider associated with the telephone number that sent the text messages to Plaintiff.

12. On or around July 18, 2022, Sunset disclosed that the telephone service provider was Verizon Communications, Inc. ("Verizon"). Following this disclosure, Plaintiff issued a subpoena to produce documents, information, or objects or to permit inspection of premises in a civil action directed to the Verizon. (Dkt. 43.) The subpoena seeks, *inter alia,* the outbound calling records from Sunset's Verizon account. The outbound calling records are necessary to establish the prerequisites to class certification. That is, the records will be used to identify which of the CIX leads were called or texted more than once in any twelve-month period. Verizon's deadline to respond to the

subpoena is August 12, 2022.

13. There also remains considerable discovery to be completed. Indeed, Plaintiff expects to take the depositions of Sunset, Stone, and CIX and has requested available dates from all parties. Sunset has also requested available dates for Plaintiff's deposition.

14. Based on the foregoing record, good cause exists to grant an extension to the current schedule. That is, the current delay is not the result of a failure to diligently prosecute the case. As detailed above, just the opposite is true. Rather, the extension is necessary given unforeseen delays, including the unexpected need to subpoena Defendants' call records from Verizon.

15. The additional time will enable the Parties to resolve any remaining discovery disputes and receive and analyze all of the relevant calling data from Verizon prior to scheduling depositions. Indeed, Plaintiff will be unfairly prejudiced if she is required to question Defendants and CIX absent the relevant class records and other key information.

16. The Parties are also engaged in settlement negotiations, and a brief extension will enable the Parties to re-focus their resources on settlement discussions and potentially eliminate the need to expend resources taking depositions. Accordingly, a brief extension will enable the parties to focus their resources on setting their claims and will preserve judicial resources.

17. Additionally, on July 14, 2022, Snell & Wilmer, LLP, withdrew as counsel of record for Defendants Sunset and Stone (dkt. 41), necessitating Sunset's remaining counsel to begin acting as lead counsel in this case.

18. Therefore, the Parties are in mutual agreement that a sixty (60) day extension of the remaining deadlines is necessary. The extension will enable the Parties to gather all remaining documents and data that may be necessary to litigate this case through class certification. In the end, the extension will enable the Court to make a determination regarding class certification based on a complete record, including the

testimony of all Parties.

19. Finally, the extension is not being sought for an improper purpose and will not disrupt any other deadline. To the contrary, the requested extension will conserve the resources of the parties and the Court and will potentially avoid the need for additional or supplemental briefing related to class certification.

20. Based upon the above, the Parties jointly agree, stipulate and request that the deadlines be extended as set forth below:

    a. Deadline to Serve Written Discovery: <u>October 4, 2022</u>;

    b. Deadline to Scheduling Depositions: <u>November 11, 2022</u>;

    c. Deadline to Engage In Good Faith Settlement Discussions: <u>November 18, 2022</u>;

    d. Fact Discovery Cut-Off: <u>November 18, 2022</u>;

    e. Plaintiff's Expert Disclosure Deadline: <u>December 6, 2022</u>;

    f. Defendant's Expert Disclosure Deadline: <u>December 27, 2022</u>;

    g. Rebuttal Expert Disclosure Deadline: <u>January 10, 2023</u>;

    h. Expert Discovery Cut-Off: <u>January 31, 2023</u>;

    i. Dispositive Motion Deadline: <u>March 3, 2023</u>; and

    j. Deadline to File Notice of Readiness for Pretrial Conference: <u>March 13, 2023</u>.

Dated: August 11, 2022

**BRENDA WHITTAKER**, individually and on behalf of all others similarly situated,

By: /s/ Taylor T. Smith
One of Plaintiff' Attorneys

Penny L. Koepke
pkoepke@hoalow.biz
4854 E. Baseline Road, Suite 104
Mesa, Arizona 85206
Tel: (480) 833-1001

Taylor T. Smith (admitted *pro hac vice*)

tsmith@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 907-7628
Facsimile: (303) 927-0809

*Counsel for Plaintiff and the Putative Class*

Dated: August 11, 2022           By: /s/ Benjamin Donel

Benjamin Donel
Law Offices of Benjamin Donel & Associates APC
6125 Washington Blvd., Ste. 300
Culver City, CA 90232
310-864-7600
Fax: 31-626-9752
Email: toplawesq@yahoo.com

*Counsel for Defendants*

Dated: August 11, 2022           By: /s/ Patrick N. Downes

Patrick N. Downes
Manteau Downes LLP
10100 Santa Monica Blvd., Ste. 300
Los Angeles, CA 90067
310-497-1780
Email: pdownes@manteaudownes.com

*Counsel for Cross-Defendant CIX*

## SIGNATURE CERTIFICATION

I hereby certify that Defendants' and Cross-Defendant's counsels concur with the content of this document and have authorized me to affix their signatures to the document and file the same with the Court.

/s/ Taylor T. Smith

6

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a true and correct copy of the above titled document was served upon counsel of record by filing such papers via the Court's ECF system on August 11, 2022.

                                                                  */s/ Taylor T. Smith*